UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>SMART ERP SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 25-cv-02588-HSG<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Re: Dkt. No. 34 |

Before the Court is Plaintiffs' application to appoint interim class counsel. *See* Dkt. No. 34. Plaintiffs seek to appoint three attorneys from three different law firms as interim class counsel: (1) Jeff Ostrow of Kopelowitz Ostrow P.A.; (2) Scott Edward Cole of Cole & Van Note; and (3) John J. Nelson of Milberg Coleman Bryson Philips Grossman, PLLC. The motion is unopposed. *Id.* The Court held a hearing on this matter on July 10, 2025. Dkt. No. 53. The Court **DENIES** the motion.

Under Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *See* Fed. R. Civ. P. 23 (advisory committee's notes to 2003 amendment); *see also* Manual for Complex Litig., § 21.11 (4th ed. 2004) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule

23(g)(1)(A)." *See, e.g.*, *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(1)(B).

Here, counsel address the four factors under Rule 23(g)(1)(A), but fail to explain, as a threshold matter, why the appointment of interim counsel is necessary at this stage to protect the interests of the putative class. "Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel." *See In re Seagate*, 2016 WL 3401989 (collecting cases). To date, counsel have all worked together cooperatively and appear to share a unified strategy regarding how this action should proceed. Moreover, the appointment of interim counsel is not necessary to address any live conflict among counsel or to clarify their respective roles in the litigation. *See, e.g.*, *Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (denying appointment of three firms as co-interim class counsel where there was no rivalry among the firms).

At the motion hearing, counsel maintained that the appointment of interim counsel would prevent duplicative effort by the attorneys and firms participating in this case. However, counsel did not identify any live dispute or competing strategy among Plaintiffs' counsel. As such, counsel failed to concretely explain why they cannot coordinate tasks among themselves in a way that avoids duplicative work—as they appear have been doing thus far—without the appointment of interim counsel. Under the circumstances, it would be premature to appoint interim lead counsel where the risk of internal conflict or future related cases being filed is speculative, and the proposed benefit to the class is therefore unclear.

In short, the Court finds that counsel did "not present the 'special circumstances' that warrant appointment of interim counsel at this stage." *See In re Nissan N. Am., Inc. Litig.*, No. 18-CV-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (quoting *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014)). Accordingly, the Court **DENIES** the motion without prejudice, Dkt. No. 34.

Per the Court's previous order, Plaintiffs' consolidated complaint is due within 45 days of this Order. *See* Dkt. No. 29 at 3. Within 10 days after the consolidated complaint is filed, the parties shall submit an agreed upon briefing schedule to the Court for motion to dismiss briefing or the filing of an answer to the consolidated complaint.

**IT IS SO ORDERED.**

Dated: 7/14/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

3