UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL WRIGHT, | Case No. 25-cv-02588-HSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | Re: Dkt. No. 65 |
| SMART ERP SOLUTIONS, INC., | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss Plaintiffs' consolidated complaint. *See* Dkt. No. 65 ("Mot."); Dkt. No. 68 ("Opp."); Dkt. No. 71 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion to dismiss.

In August 2025, Plaintiffs Ranfis Espinal Aguilera, Jason Demmie, Alfredo Diaz, Deborah Finley, Marcus Hines, Stevie Newson, and Randall Wright filed a consolidated class action complaint against Defendant Smart ERP Solutions, Inc. alleging that Defendant failed to safeguard class members' sensitive personally identifying information, which was stolen during a data breach. *See* Dkt. No. 57 ("Compl.") ¶¶ 1–2. Plaintiffs bring state law claims on behalf of a nationwide class for negligence, unjust enrichment, and breach of third-party beneficiary contracts. *Id.* ¶¶ 214–259.

Defendant argues that the Court should dismiss all three claims because Plaintiffs have not identified which substantive state law applies to their claims. Mot. at 12. The Court agrees. Courts in this district routinely hold that "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) (quotation omitted); *Moore v. Am. Honda*

United States District Court
Northern District of California

*Motor Co.*, 740 F. Supp. 3d 814, 829 (N.D. Cal. 2024) (same).  "In order for the Court to determine whether a claim has been adequately pled, Plaintiff[s] must allege the applicable law." *Moore*, 740 F. Supp. 3d at 829.[1]

Plaintiffs argue that California law applies, Opp. at 11–12, citing *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *overruled by Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022).  But *Mazza* explains when California law may be used on a classwide basis for a multistate class, *id.* at 590, and it does not eliminate the initial pleading requirements discussed here, *cf. Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) (noting that a similar argument "considers not whether a plaintiff needs to assert the state law under which s/he brings a common law claim, but rather whether, given the chosen state, a nationwide class is appropriate").[2]

Accordingly, Defendant's motion to dismiss, Dkt. No. 65, is **GRANTED** with leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quotation omitted)).  Any amended complaint must be filed within 21 days of the date of this order, and may not add any new claims or defendants.

//

//

---

[1] For example, the Court needs to know which state laws apply when considering Defendant's argument that failure to comply with Section 5 of the FTC Act—which does not provide for a private right of action—does not constitute negligence per se.  Mot. at 14.  Plaintiffs cite a handful of states' different approaches, Opp. at 13–14, forcing the Court and Defendant to try and guess which applies and respond to them all.  In this way, the requirement that a plaintiff plead the applicable state law also serves an essential notice function.

[2] The Court also notes that many of Plaintiffs' cited cases included more specific allegations that tied the alleged conduct to the location of the defendant's headquarters.  *See* Opp. at 12.  Here, it's not a surprise that Defendant was unsure about what state's laws to apply, since Plaintiffs mention California only once in their complaint, and none of the named Plaintiffs reside in California.  Compl. ¶ 23 ("Defendant is a California corporation . . . ."), ¶¶ 16–22 (discussing named Plaintiffs).

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated:  2/25/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge